IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DERRICK FRANKLIN, )
)
               Plaintiff, )
)
v. ) No. CIV-04-754-L
)
OKLAHOMA COUNTY JUVENILE )
BUREAU, )
)
              Defendant. )

# **O R D E R**

On November 19, 2003, plaintiff filed this action in the District Court for Oklahoma County seeking damages for alleged race and color discrimination. Plaintiff, acting through counsel, named his former employer, the Oklahoma County Juvenile Bureau ("Bureau"), as the sole defendant. A copy of the state court petition and summons were hand-delivered to Doris Stevenson, the Bureau's Director, on May 18, 2004. On June 18, 2004, the action was removed to this court. In the notice of removal, the Bureau noted that it "is not a public entity capable of being sued, but is merely a part of the governmental entity of Oklahoma County." Notice and Petition for Removal at ¶ 2. Likewise, in its answer, the Bureau specifically alleged that "[t]he Oklahoma County Juvenile Bureau is not an independent entity subject to suit; it is a department of Oklahoma County and the proper Defendant is the Board of County Commissioners of Oklahoma County." Answer at 2, ¶ 5.

1

This matter is before the court on the Bureau's motion for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v. Pico, 457 U.S. 853, 863 (1982). Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). In determining whether sufficient evidence has been presented to support a motion for summary judgment, the court disregards inadmissible hearsay. *See* Burns v. Board of County Commissioners, 330 F.3d 1275, 1284 n.5 (10th Cir. 2003).

Defendant argues that it has no existence separate from Oklahoma County and is not an independent agency capable of being sued. The court concurs. Oklahoma law provides for the creation of juvenile bureaus in counties having a population of more than 80,000 residents. 10 O.S. § 7305-1.1(A). Juvenile bureaus are funded by the county of origin. 10 O.S. § 7305-1.7(D). The enabling statutes further declare that "the *boards of county commissioners* in the designated host counties shall . . . operate the juvenile detention facility *through* a statutorily constituted juvenile bureau . . . ." 10 O.S. § 7304-1.3(C)(3)(a) (emphasis added). The Bureau is thus an agency of Oklahoma County. Oklahoma law is clear that the County can only be sued by naming the Board of County Commissioners of the County of Oklahoma. 19 O.S. § 4.

Plaintiff has been on notice since the filing of defendant's answer that he sued the wrong entity. The Scheduling Order provided that motions to amend were due on January 3, 2005. Plaintiff, however, did not seek leave to amend his complaint to name the proper party; nor did plaintiff seek leave to amend his complaint out of time after defendant filed its motion for summary judgment. Defendant properly raised the issue of its capacity to be sued in accordance with Rule 9(a) of the Federal Rules of Civil Procedure. Plaintiff ignored this notice at his peril. The court finds that dismissal of this action for failure to name the proper party is warranted.

The Motion for Summary Judgment (Doc. No. 15) is GRANTED solely on the issue of defendant's capacity to be sued. In all other respects, the motion for summary judgment is DENIED as defendant did not present sufficient, admissible evidence. Judgment dismissing this action without prejudice will issue accordingly.

It is so ordered this 25th day of April, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge